IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COACTIV CAPITAL PARTNERS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN A. FEATHERS, ET AL. | : | NO. 08-5506 |

**MEMORANDUM**

**Padova, J.**                                                                                   **July 1, 2009**

Plaintiff CoActiv Capital Partners, Inc. ("CoActiv") brings this diversity action pursuant to Pennsylvania common law against Defendants John Feathers, both individually and doing business as Premier Laser Image ("PLI"), Debra Feathers, and Ghyasuddin Syed ("Syed"). CoActiv's claims arise out of the Defendants' failure to make payments on an equipment lease. Presently before the Court is Syed's Motion to Transfer Venue. For the following reasons, Syed's Motion is denied.

**I.      BACKGROUND**

In November 2006, John Feathers, doing business as PLI, entered into an equipment lease (the "Lease") with Partners Equity Capital Company LLC ("PECC"). (Compl. ¶ 8; see also Lease, Ex. A to Compl.) The Lease required PLI to make regular monthly payments to PECC. (Compl. ¶ 9.) The Lease further contained a guaranty provision that obligated its three signatories, John Feathers, Debra Feathers and Syed, to absolutely and unconditionally make the Lease payments on behalf of PLI. (See Lease at 1.) Debra Feathers and Syed also executed a Personal Guaranty, in which they again unconditionally promised to make prompt payment of all PLI's obligations under the Lease. (See Compl. ¶¶ 19, 26, 33; see also Personal Guaranty, Ex. E to Compl.) Both the Lease and the Personal Guaranty contained forum selection clauses designating the courts of Pennsylvania

as convenient venues for any suits arising out of the agreements.[1] (See Lease at 1; Personal Guaranty at 2.)

After execution of the Lease, PECC delivered the equipment to PLI and perfected its security interest in the equipment by recording a UCC financing statement in Texas. (Compl. ¶¶ 10-11.) PECC subsequently assigned its title and interest in the Lease and equipment to CoActiv. (Id. ¶ 13.) In July 2008, PLI defaulted on the Lease by failing to make its monthly payment. (Id. ¶ 14.) As a consequence of its default, PLI was obligated to make accelerated payments of the remaining balance due on the Lease, which it failed to do. (Id. ¶¶ 14-15.) CoActiv thereafter demanded payment from PLI, and from John Feathers, Debra Feathers and Syed as guarantors, but none has paid the balance due, totaling $113,475.39. (Id. ¶¶ 16-17, 21-24, 28-31, 35-38.) CoActiv commenced this action just a few months later.

## II.   DISCUSSION

Syed asks that we transfer the case to the Southern District of Texas for two reasons. First, he contends that we should transfer the case pursuant to 28 U.S.C. § 1406(a) because the Southern District of Texas is the only proper forum under the pertinent venue statute, 28 U.S.C. § 1391(a).

---

[1]The Lease's guaranty provision states, in pertinent part: "This guaranty is governed by and constituted in accordance with the Laws of the Commonwealth of Pennsylvania and I consent to jurisdiction in any state or federal court in Pennsylvania." (Lease at 1.) The Personal Guaranty states, in pertinent part: "This Personal Guaranty shall be governed by the laws of the Commonwealth of Pennsylvania. You agree to the jurisdiction and venue of Federal and State Courts in Pennsylvania." (Personal Guaranty at 2.) Although Syed contends that the Lease's guaranty provision governs merely jurisdiction and not venue, such a provision, deemed a "'permissive forum selection clause'" or "'consent to jurisdiction clause,'" "'specifies the court empowered to hear litigation, in effect waiving any objection to personal jurisdiction *and venue* . . . .'" Frazetta v. Underwood Books, Civ. A. No. 08-516, 2009 WL 959485, at *3 (M.D. Pa. Apr. 6, 2009) (emphasis added) (quoting Int'l Bus. Software Solutions, Inc. v. Sail Labs Tech., 440 F. Supp. 2d 357, 363 n.2 (D.N.J. 2006)).

Alternatively, he argues that we should transfer the case pursuant to 28 U.S.C. § 1404(a) because the balance of the factors we must consider in resolving a request to transfer venue strongly favors sending this case to Texas.

When a defendant challenges the plaintiff's chosen venue, and we determine that the chosen venue is improper, we must either dismiss the case or transfer it "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). If, on the other hand, we determine that venue is proper in this District, we may transfer the case "to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice . . . ." Id. § 1404(a). The defendant bears the burden of showing that the chosen venue is improper or, in the alternative, that transfer to another district is justified for other reasons. See Chester v. Beard, Civ. A. No. 07-4742, 2008 WL 2310946, at *5 (E.D. Pa. June 2, 2008) (citing Fellner v. Phila. Toboggan Coasters, Inc., 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005)); Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

    A.    Transfer Pursuant to 28 U.S.C. § 1406(a)

In this case, Syed argues that venue is improper in this District because all Defendants reside in the Southern District of Texas, and the Southern District of Texas is the only forum in which a substantial part of the events giving rise to CoActiv's claims arose. We do not reach the merits of Syed's venue challenge, however, as we find that Syed has waived his right to argue that this District is an improper venue.

A defendant may challenge venue in a Rule 12(b)(3) motion, a responsive pleading, or, in limited circumstances, an amended responsive pleading. See Fed. R. Civ. P. 12(h)(1). To properly raise a venue challenge by motion, the defendant must file his motion before he files any permitted

3

responsive pleading. See Fed. R. Civ. P. 12(b) (requiring that a motion asserting improper venue "be made before pleading if a responsive pleading is allowed"). A defendant may also challenge venue by asserting his challenge in either his responsive pleading or in an amended responsive pleading that is filed as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). See Fed. R. Civ. P. 12(h)(1)(B) ("A party waives [a venue defense] by . . . failing to . . . include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course."); Fed. R. Civ. P.15(a)(1) ("A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.").

In this case, Syed did not file the instant Motion challenging venue until after he filed both a pro se Answer and a subsequent counseled Amended Answer.[2] Moreover, Syed first invoked his venue defense in his Amended Answer, which he did not file as a matter of course, but rather with leave of court more than 20 days after serving CoActiv with his pro se Answer. Consequently, we find that Syed has failed to timely challenge the overall propriety of venue in this District, either by motion or in a responsive pleading, and has thus waived any such challenge. We therefore deny Syed's Motion to the extent that it seeks a venue transfer based upon improper venue, pursuant to 28 U.S.C. § 1406(a).[3]

---

[2]Syed moved for leave to file his Amended Answer on May 19, 2009. He filed the instant Motion 10 days later on May 29, 2009.

[3]Moreover, even if we were to consider Syed's assertion that this District is an improper venue, we would reject that assertion because a substantial part of the events giving rise to CoActiv's claims occurred in this district, e.g., CoActiv's countersignature of the Lease. See 28 U.S.C. § 1391(a)(2) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."); cf. Manor Care, Inc. v. Cont'l Ins. Co., Civ. A. No. 01-2524, 2003

B.      Transfer Pursuant to 28 U.S.C. § 1404(a)

In the alternative, Syed requests that we transfer this case to the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a), because he contends that the balance of the factors we must consider strongly favors transferring the case there. As a preliminary matter, we find that the Southern District of Texas would be a proper venue under 28 U.S.C. § 1391(a)(1) because all Defendants reside there.[4] Indeed, CoActiv does not argue otherwise. We nevertheless decline to transfer the case to Texas because we find that Syed has failed to establish that the relevant factors strongly favor transfer.

In deciding whether to transfer a case, we do not confine our review to the three factors enumerated in 28 U.S.C. § 1404(a) (convenience of parties, convenience of witnesses, and interests of justice), but consider the more general public and private interests protected by § 1404(a). Jumara, 55 F.3d at 879. Moreover, when the parties manifest their preference as to a convenient forum through a forum selection clause, we must "incorporat[e] the forum selection clause as one facet of the convenience-of-the-parties consideration" under § 1404(a) and "place considerable weight on the parties' original choice of forum, as expressed in a contractual forum selection clause." Id. at 880, 882. The ultimate burden rests with the party seeking transfer to establish that "'the balance of convenience of the parties is *strongly* in [his] favor . . . .'" Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (quoting Owatonna Mfg. Co. v. Melroe Co., 301 F. Supp. 1296, 1307

---

WL 22436225, at *7 (E.D. Pa. Oct. 27, 2003) ("Because Maryland was the place the Continental policy was countersigned, it was the place of contracting." (citing Restatement (Second) of Conflict of Laws § 188, cmt. e (1971))).

[4]Syed lives in Houston, Texas. (Syed Aff. ¶ 2.) The Feathers live in Pasadena, Texas. (See Compl. ¶¶ 2-3; Am. Ans. ¶¶ 2-3.) Both Houston and Pasadena are located in Harris County, which is in the Southern District of Texas.

5

(D. Minn. 1969) (emphasis added)).

          1.      The forum selection clauses

As a threshold matter, we address the validity of the forum selection clauses contained in both the Lease and the Personal Guaranty. Federal law determines the effect given a forum selection clause in a diversity action. Jumara, 55 F.3d at 877. Under federal law, a forum selection clause is entitled to great weight and is presumptively valid. Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10-11 (1972)), overruled on other grounds by Lauro Lines v. Chasser, 490 U.S. 495 (1989); Jumara, 55 F.3d at 882. This is because "a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum." Jumara, 55 F.3d at 880. Nevertheless, "the parties' agreement as to the most proper forum should not receive dispositive weight . . . ." Id.; see also White v. ABCO Eng'g Corp., 199 F.3d 140, 143 (3d Cir. 1999). The party opposing the forum selection clause can prevent its enforcement by "clearly show[ing] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." M/S Bremen, 407 U.S. at 15; see also Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1219 (3d Cir. 1991) ("A forum selection clause is 'unreasonable' where the defendant can make a 'strong showing' either that the forum selection clause is 'so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court,' or that the clause was procured through 'fraud or overreaching.'" (quoting M/S Bremen, 407 U.S. at 15, 18)).

Syed offers two bases to overcome the forum selection clauses in this case. First, he denies that he ever signed the Lease, alleging that his signature was forged. (See Am. Ans. ¶ 33; Mot. at 6.) Second, he asserts that the Personal Guaranty does not contain a forum selection clause. We find

6

neither assertion persuasive.

First, under Pennsylvania law, "[a] party who relies on fraud or forgery has the burden in the first instance of proving the facts upon which the alleged fraud or forgery is based, and these facts must be established by evidence that is clear, direct, precise, and convincing."[5] Carlson v. Sherwood, 206 A.2d 19, 20 (1965) (citing Sterling Elec. & Furnace Co. v. Peterson, 187 A.2d 285 (1963)). Neither a "bald allegation of forgery" nor "testimony that [one] cannot remember signing [a document], nor the combination of both" constitutes clear and convincing evidence of forgery. Jackson v. Allstate Ins. Co., 441 F. Supp. 2d 728, 734 (E.D. Pa. 2006); see also id. at 735 n.10 ("[B]ald allegations of forgery unsupported by facts of record are insufficient to create issues of material fact." (citing Nieves v. Hess Oil Virgin Islands Corp., 819 F.2d 1237, 1252 (3d Cir. 1987))). Moreover, a party asserting forgery may fail to satisfy his burden where the signature alleged to be forged appears to be "'remarkably similar to the signatures of the [party] that appear on numerous exhibits [in the record].'" Nieves, 819 F.2d at 1252.

The only evidence that Syed offers in support of his allegation of forgery is his own affidavit, in which he simply states: "I did not sign the subject lease, nor do I recall ever being given a copy of the subject lease prior to receiving the Complaint in this action." (Syed Aff. ¶ 12.) He has not offered any evidence to establish that the allegedly forged signature on the Lease varies significantly from the three admitted exemplars of his signature in the record—one at the bottom of Syed's affidavit, one at the bottom of his pro se Answer, and one at the bottom of the Personal Guaranty. Indeed, he has offered no evidence beyond his self-serving affidavit to support his claim of forgery.

---

[5]Pursuant to Federal Rule of Evidence 302, "the effect of a presumption respecting a fact which is an element of a claim or defense as to which State law supplies the rule of decision is determined in accordance with State law."

Under these circumstances, we simply cannot find that Syed's signature was forged.[6]

We also reject Syed's second argument, i.e., that there is no forum selection clause in the Personal Guaranty, because he fails to take note of the language in the Personal Guaranty, appearing plainly and directly above his admitted signature, which states: "This Personal Guaranty shall be governed by the laws of the Commonwealth of Pennsylvania. *You agree to the jurisdiction and venue of Federal and State Courts in Pennsylvania*." (Personal Guaranty at 2 (emphasis added).)

Finally, we reject Syed's argument to the extent that he implicitly argues that the forum selection clause in the Personal Guaranty is invalid for want of consideration, as such argument embraces the ultimate issue. Syed does not otherwise challenge the validity of the forum selection clause, "e.g., that such clause is vague, was procured by fraud or overreaching, or . . . that it is not broad enough to cover the instant dispute." Grand Cent. Sanitary Landfill, Inc. v. C-E Huntington Ltd. P'ship, Civ. A. No. 95-0056, 1995 WL 92377, at *2 (E.D. Pa. Mar. 1, 1995). As such, he "tacitly admits that the . . . clause is effective if the contract as a whole is valid and enforceable and . . . is [effectively] seeking an adjudication from this Court on the ultimate issues in the case under the guise of challenging only the enforceability of the . . . clause." Id.; cf. Auto. Logistics Productivity Imp. Sys., Inc. v. Burlington Motor Carriers, Inc., 986 F. Supp. 446, 449 (E.D. Mich. 1997) (enforcing a forum selection clause because the plaintiff's allegation that the entire contract was the product of fraud did not "relate to the inclusion of the forum selection clause itself in the contract"); Arkay Packaging Corp. v. W.R. Chestnut Eng'g, Inc., Civ. A. No. 97-1187, 1997 WL 1068673, at *2 n.2 (E.D.N.Y. July 21, 1997) (same). We will not determine the validity of the entire

---

[6] That Syed has not sufficiently proven that his signature was forged for purposes of this Motion does not preclude him from continuing to pursue his forgery defense by offering additional evidence and proofs, either in a motion for summary judgment or at trial.

8

contract merely to resolve Syed's venue claim under § 1404(a). To do so would be both circular and improvident, particularly on the undeveloped factual record before us.

In sum, Syed has failed to offer a legal and factual basis upon which we may reject the otherwise valid forum selection clauses. Accordingly, we will give the clauses considerable weight in our § 1404(a) analysis below.

### 2. The private factors

The private factors we must consider in our § 1404(a) analysis include:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of the books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Stone St. Servs., Inc. v. Breaux, Civ. A. No. 00-1904, 2000 WL 876886, at *3 (E.D. Pa. June 19, 2000) (quoting Jumara, 55 F.3d at 879). We find that Syed has failed to establish that the balance of these factors strongly favors transferring the case to Texas.

Only one private factor weighs in favor of transfer—that involving where CoActiv's claims arose. In determining where the claim arose in breach of contract cases, we look to the place of contract negotiation/execution, performance, or breach. See Byrd v. Johnston, Civ. A. No. 07-2963, 2007 WL 4373047, at *3 (E.D. Pa. Dec. 14, 2007) (citing Harrison v. L.P. Rock Corp., 2000 WL 19257, at *3 (E.D. Pa. Jan.7, 2000)); 14 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3806.1 (3d ed. 2009). This case involves the failure of Defendants, Texas residents, to make payments under a lease governing equipment located in Texas.

9

It is therefore clear that the contracts were to be performed and were breached in Texas. See, e.g., Cottman Transmissions Sys. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994) (holding that failure by defendant in Michigan to "return various materials and . . . remit payments" to plaintiff in Pennsylvania was an omission that occurred in Michigan, not in Pennsylvania, "[e]ven though the result was [plaintiff's] non-receipt of those items in Pennsylvania"). CoActiv's claims therefore arose in Texas.

However, none of the remaining private factors favor transfer. Traditionally, the courts do not lightly disturb the plaintiff's choice of venue. See Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (stating that the plaintiff's choice of venue "is a paramount consideration in any determination of a transfer request"). A plaintiff's choice of forum is entitled to even greater deference when the chosen forum is that in which the plaintiff resides, see Leone v. Cataldo, 574 F. Supp. 2d 471, 485 (E.D. Pa. 2008) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981)), and, in this case, CoActiv resides in this District. See 28 U.S.C. § 1391(c) ("[A] a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."); Compl. ¶ 1 (indicating that CoActiv's principal place of business is in Horsham, Pennsylvania). Accordingly, we find that CoActiv's choice of forum in this case more than overcomes Syed's countervailing preference for the Southern District of Texas and weighs strongly in favor of keeping the case in this District.

Moreover, we find that the convenience of the parties does not favor transfer. Syed, a medical doctor, asserts that keeping this case in this District would prove unreasonably inconvenient to him because it would interfere with his ability to provide medical care to his patients in the Houston area. Syed's convenience arguments are unavailing, however, because he has already

consented to venue here by way of the forum selection clauses. CoActiv would be similarly inconvenienced were the case transferred to Texas, and Syed's bald allegation that "Plaintiff is a corporate entity for whom trying this case in Texas will not pose any significant burden" does not tip the balance in favor of transfer, as he offers no factual basis for his assertion. (Mot. at 7.) CoActiv counters that it "only has offices in Pennsylvania[,] . . . its witnesses in this matter are in Pennsylvania[,] . . . [and] it would be unjust to make it more expensive for Plaintiff to go to Texas for a trial of this case considering that Plaintiff abided by the forum selection clause . . . ." (Pl.'s Resp. at 10.) Accordingly, this factor does not favor transfer.

Finally, Syed has failed to establish that relevant documents or witnesses will be unavailable for a trial held here. Syed merely contends that the witnesses he plans to call, including John and Debra Feathers (against whom we have entered default judgments), are unlikely to appear at a trial in this District, and that documents he needs to defend himself "*may* lie with the Feathers." (Mot. at 8 (emphasis added).) Nevertheless, Syed has not offered any evidence suggesting that John and Debra Feathers are any more likely to appear for trial in Texas, in light of their default. Thus, we find that the final two private factors do not favor transfer to Texas.

In sum, we conclude that Syed has failed to satisfy his burden of showing that the balance of the private factors strongly favors transfer to the Southern District of Texas.

    2.    Public factors

The public factors we must consider include:

> [1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from Court congestion; [4] the local interest in deciding local controversies at home; and [5] the familiarity of the trial judge with the applicable

state law in diversity cases.

Stone St., 2000 WL 876886, at *3 (quoting Jumara, 55 F.3d 879-80). Only two of these factors even slightly favor transfer.

Practical considerations pertaining to easy and expeditious trial militate slightly in favor of transfer, as all of the Defendants reside in Texas and the equipment underlying the Lease is presently located in Texas. Moreover, while Pennsylvania has a clear local interest in protecting its citizens from commercial harm, Texas has an arguably greater local interest in deciding this controversy insofar as it involves the wrongful acts of several of its residents committed within its border and the agreements at issue involve equipment located in Texas.

However, the remaining public factors do not favor transfer. A judgment issued either by this Court or by a federal court in the Southern District of Texas would be equally enforceable. In addition, Syed has offered no evidence tending to show that the Southern District of Texas is administratively better equipped to handle this case. But cf. Leading Edge Logistics, Inc. v. Cent. Trucking, Inc., Civ. A. No. 05-1299, 2005 WL 1417131, at *2 (E.D. Pa. June 16, 2005) (holding that the relative congestion of the respective courts is not a factor worthy of great weight). Finally, we note that any court deciding this case will apply Pennsylvania law, as both the Lease and the Personal Guaranty contain choice-of-law provisions designating Pennsylvania law as controlling. Syed has not challenged these choice-of-law provisions.

In the end, the fact that some of the public factors slightly favor transfer is not enough to overcome CoActiv's choice of forum and the operative forum selection clauses in this case. See B. J. McAdams, Inc. v. Boggs, 426 F. Supp. 1091, 1105 (E.D. Pa. 1977) ("'[W]here there is present an equitable standoff, or even in those situations where the argument for transfer is only slightly in favor

of the movant, the plaintiff's choice of forum should not be disturbed.'" (quoting Aquarium Pharms., Inc. v. Indus. Pressing & Packaging, Inc., 358 F. Supp. 441, 446 (E.D. Pa. 1973))). Accordingly, we find that Syed has failed to establish that the balance of the public factors strongly favor transferring this case to the Southern District of Texas.

**IV.    CONCLUSION**

For the foregoing reasons, we find that Syed has failed both to timely challenge the propriety of venue in this District under 28 U.S.C. § 1406(a) and to demonstrate that transferring this case to the Southern District of Texas is appropriate under 28 U.S.C. § 1404(a). To the contrary, we find that the balance of the public and private factors we must consider under § 1404(a) favors keeping the case in this District. Consequently, Syed's Motion is denied. An appropriate Order follows.

BY THE COURT:

/s John R. Padova
John R. Padova, J.